JEPPE J. REFSHAUGE, SUCCESSOR-TRUSTEE, APPELLANT, V. SESOSTRIS TEMPLE ANCIENT ARABIC ORDER NOBLES OF THE MYSTIC SHRINE: FIRST TRUST COMPANY OF LINCOLN, APPELLEE.

1 N. W. (2d) 320

FILED DECEMBER 12, 1941. No. 31091.

*T. F. A. Williams,* for appellant.

*Hall, Cline & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CAR-TER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

In his motion for rehearing appellant contends the court in the opinion contradicted the record in holding and reciting therein the following: "The payments made by the Shrine Building Association were made when no outstanding amounts were due under the first mortgage. There was no default, on the part of the Shrine Building Association, of any of the provisions of the first mortgage agreement or the bonds, at the time the payments were made." The appellant submits the following: "When $1,000 was paid on the principal of the second mortgage October 9, 1930, $2,000 was then due and unpaid on the principal of the first (trustee) mortgage, such instalment of principal on the first mortgage being paid December 20, 1930." Such payment was made, however, on January 9, 1931, instead of December 20, 1930. The foregoing does not make the quoted statement of the court erroneous. We have set forth in the opinion the substance of the first mortgage. We again cite the pertinent and applicable parts thereof to the case at bar on the proposition under discussion.

Article IX of the first mortgage contains the following:

"1. It is further agreed that in the event default be made by first party (Shrine Building Association) in the payment of any instalments of interest or of the principal of any of said bonds, or if default be made in the observance of provisions of any covenant or condition herein contained to be kept or to be performed by the first party, the Trustee (First Trust Company), acting under its own discretion, *may, if such default shall continue for a period of six months,* and upon the request of the owners of twenty-

five per cent. of the bonds then outstanding and secured hereby, must declare the entire principal and interest upon all outstanding bonds to become due and payable; * * *

"2. In the event default be made by first party in the payment of any instalment of interest or in the payment of the principal of any of said bonds, * * * the Trustee hereunder, personally or by its agents or attorneys, may enter into and upon all or any part of the trust estate, and use, operate, manage and control the same for the benefit of the owners of the bonds secured hereby.

"3. In the event default shall be made by the first party in the payment of any instalment of interest or in the payment of any of said bonds, * * * the Trustee hereunder, acting upon its own discretion, *may, and if such default shall continue for six months,* if required by the holders of twenty-five per cent. of the bonds then outstanding and secured by this agreement, shall commence proceedings in a court of competent jurisdiction to foreclose the lien of this agreement. * * *" (Italics ours.)

The substance of the foregoing provisions of the trust agreement are contained in the opinion. Appellant does not support, by legal authority, his contention that the Shrine Building Association could not make the application of payments as were made on the first and second mortgages. The quoted provisions of the trust agreement distinctly disclose the circumstances under which the first mortgage is due and payable and the duties of the trustee to collect, by foreclosure, moneys due. The case is predicated on the trust agreement, which defines the duties of the trustee, and no duties in conflict with the provisions of the trust agreement will be implied.

A further review of the record shows: The supplemental decree of the district court of July 5, 1940, reads: The moneys paid to the First Trust Company, to be applied and which were applied on the second mortgage held by the trust company, "were not paid from the income or profit from, or from the property mortgaged to secure the bondholders represented by the plaintiff; that said sums so

paid were applied as directed by the persons paying the same; and that neither the plaintiff nor any of the bondholders had any right or lien thereon." This language is unmistakably clear. Neither the bondholders nor the plaintiff had a lien on the moneys applied on the payment of the second mortgage. Under the mortgage agreement, the Shrine Building Association had the right to the income from the mortgaged property from every source, and the further right to use such income in any manner it deemed best. Exercising this right, the Shrine Building Association, by its officers, made the payments on the first and second mortgage as shown in the opinion. To repeat:

The trust agreement gave to the officers of the Shrine Building Association the right to allocate the moneys on the respective mortgages as in their judgment they deemed best. Under the circumstances as presented in this case, we conclude the motion to recall the mandate and to file a second motion for rehearing should be and is hereby overruled.

MOTION OVERRULED.